UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-62527-CIV-COHN/SELTZER

SERGIO RODRIGUEZ, and other similarly-
situated individuals,

    Plaintiff,

vs.

GUACAMOLE'S AUTHENTIC MEXICAN FOOD
AND MORE, LLC, et al.,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Default Final Judgment [DE 18] ("Motion"). The Court has considered the Motion, notes the lack of the response by the deadline of March 5, 2012, the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

This action was commenced on November 28, 2011. Plaintiff seeks to recover unpaid overtime wages and damages pursuant to the Fair Labor Standards Act ("FLSA"). On December 16, 2011, Plaintiff filed affidavits indicating that the Defendants Guacamole's Authentic Mexican Food & More, LLC, Sarah Dunlevy, and Carlos M. Gomez Aranda (collectively "Defendants") must respond to the Complaint no later than January 3, 2012. See DE 6, 7. On December 29, 2011, Defendants filed a motion for an extension of the time to respond to the Complaint. See DE 8. The Court granted Defendants until January 9, 2012, to respond to the Complaint. See DE 9. On January

6, 2012, however, before Defendants had responded, Plaintiff filed an Amended Complaint.  See DE 11.  When Defendants failed to timely respond to the Amended Complaint, the Court entered a status report order on February 2, 2012, directing Plaintiff to update the Court regarding the status of the case or move for Clerk's Default by February 7, 2012.

On February 6, 2012, Plaintiff filed a Motion for Clerk's Entry of Default.  See DE 14.  A Clerk's Default was entered on February 7, 2012.  See DE 14.  Later that same day, the Court docketed a *pro se* answer to the Amended Complaint filed on behalf of all Defendants.  See DE 15.  Defendants then filed a motion seeking to vacate entry of the Clerk's Default.  The Court set aside the default as to individual Defendants Sarah Dunlevy and Carlos M. Gomez Aranda only because artificial entities such as corporations and limited liability companies cannot represent themselves.  See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-1386 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986).  Plaintiff now moves pursuant to Federal Rule of Civil Procedure 55 for entry of final default judgment as to Defendant Guacamole's Authentic Mexican Food & More, LLC.

## II.  ANALYSIS

District courts have "the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).  Federal Rule of Civil Procedure 55(a) provides, in pertinent part, that a default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  Fed. R. Civ. P. 55(a).  A defaulted defendant is deemed to

"admit[] the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.; accord Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations." Wahl, 773 F.2d at 1169. "There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court." Owens v. Benton, 190 Fed. Appx. 762, 763 (11th Cir. 2006).

"Courts have recognized . . . that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments." Marshall & Ilsley Trust Co. v. Pate, 819 F.2d 806, 811 (7th Cir. 1987). The Supreme Court recognized this proposition in Frow v. De La Vega, 82 U.S. 552 (1872). In Frow, the plaintiff filed a complaint charging eight defendants with a "joint conspiracy" to defraud him of a piece of real property. Of these eight defendants, Frow failed to file a timely answer and the district court entered a pre-trial default judgment against him. The district court ultimately decided the merits of the case against the plaintiff and dismissed the complaint. Frow appealed the default judgment to the Supreme Court. Ruling in favor of Frow, the Supreme Court wrote:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the other, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such acts of incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

Id. at 554.

> Modern courts have interpreted Frow to stand for the following proposition: [I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir. 1986).  Several Circuits, including the Eleventh, have found Frow applies to situations where defendants are jointly and severally liable, or have closely related defenses.  See, e.g., Neilson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001); Wilcox v. Raintree Inns of Am., Inc., 76 F.3d 394, 1996 WL 48857 (10th Cir. 1996); Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984); U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967).  Other federal courts have applied the Frow doctrine more narrowly, such as in cases of true joint liability or cases where the defaulting defendant cannot be liable unless the non-defaulting defendants are liable.  See, e.g., McMillian/ McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319 (8th Cir. 1997) (Frow not extended to a situation where the co-defendants share closely related interests but are not truly jointly liable); Whelan v. Abell, 953 F.2d 663, 674-75 (D.C. Cir. 1992) (Frow should apply only when liability is truly joint or necessary for effective relief); In re Uranium Antitrust Litig., 617 F.2d 1248, 1256-58 (7th Cir. 1980) (Frow rule not extended to cases of joint and several liability if results are not logically inconsistent or contradictory).

According to Wright, Miller and Kane, the "key" in deciding the application of Frow to individual cases is to "recognize that the Frow principle is designed to apply

only when it is necessary that the relief against the defendants be consistent.  If that is not the case, then a default against one defendant may stand, even though the remaining defendants are found not liable."  10A  Wright, Miller & Kane, Federal Practice and Procedure § 2690 (3d ed. 1998 & Supp. 2009).  Even courts that take a limited view of the continued force of Frow conclude that the case controls "in situations where the liability of one defendant necessarily depends upon the liability of the others."  Int'l Controls Corp. v. Vesco, 535 F.2d 742, 746 n. 4 (2d Cir. 1976); see also In re Uranium, 617 F.2d at 1257.

      Plaintiff's FLSA claim is brought against all Defendants.  Further, because a corporate defendant can act only through its employees and agents, the FLSA claim asserted against Defendant Guacamole's Authentic Mexican Food & More, LLC is based on allegations regarding the other individual Defendants' actions.  Compl. ¶14 (alleging that Defendants Sarah Dunlevy and Carlos M. Gomez Aranda "were, and are now, the Directors and/or owners of Defendant Corporation.").  Accordingly, the defenses of the individual Defendants will be "closely related" to the defenses of corporate Defendant Guacamole's Authentic Mexican Food & More, LLC , Wilcox, 76 F.3d 394, at *3, and a default judgment against Defendant Guacamole's Authentic Mexican Food & More, LLC would be inconsistent if the individual Defendants defeat the claims against them in this action.  Therefore, the Court will deny Plaintiff's Motion without prejudice, pending adjudication of this case on the merits.

III.  CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Final Judgment [DE 18] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of March, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.